# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**LINDA CHASE,**

    **Plaintiff,**

**VS.**                                                          **Case No. 5:22cv193-MCR-MD**

**CHIEF JUSTICE CARLOS MUNIZ, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Linda Chase, proceeding pro se, initiated this case on September 12, 2022, by submitting a civil rights complaint, ECF No. 1, an in forma pauperis motion, ECF No. 2, and a motion requesting appointment of counsel ECF No. 3. The latter two motions were denied and Plaintiff paid the filing fee. ECF Nos. 6, 8, 10. Plaintiff was directed to file an amended complaint (ECF No. 10), and after she filed her second amended complaint, this case was reassigned to the undersigned Magistrate Judge on October 26, 2022. ECF No. 15.[1] Because Plaintiff's complaint fails to state a claim

---

[1] The undersigned takes judicial notice that Plaintiff has filed 13 cases since

against the named Defendants, even after having been explicitly advised of the deficiencies in her complaint and having been given an opportunity to amend, the undersigned recommends that the complaint be dismissed.

Plaintiff has named eleven persons as Defendants: (1) Carlos Muñiz, the Chief Justice of the Florida Supreme Court, (2) Merrick Garland, U.S. Attorney General; (3) Jason Coody, U.S. Attorney for the Northern District of Florida; and four magistrate judges and four district judges from the Northern District of Florida (4) Michael Frank, U.S. Magistrate Judge of the Northern District of Florida; and the final four Defendants are all District Judges from the Northern District of Florida - (5) District Judge T. Kent Wetherell, II; (6) District Judge Allen Winsor; (7) Chief District Judge Mark Walker; (8) Senior

---

March of 2022 in this court alone. The 13 cases, including this case, are:
    (1) case 5:22-cv-00102-TKW-MAF, CHASE v. DEJOY, filed 05/31/22;
    (2) case 5:22-cv-00105-AW-HTC, CHASE v. WALSH et al, filed 06/02/22;
    (3) case 5:22-cv-00106-MW-HTC, CHASE v. DESANTIS et al, filed 06/02/22;
    (4) case 5:22-cv-00145-RH-MAF, CHASE v. THAMES et al, filed 07/18/22;
    (5) case 5:22-cv-00179-AW-ZCB, CHASE v. FISHER, filed 09/02/22;
    (6) case 5:22-cv-00193-RH-MAF, CHASE v. MUÑIZ et al, filed 09/12/22;
    (7) case 5:22-cv-00194-AW-ZCB, CHASE v. KIJAKAZI et al, filed 09/12/22;
    (8) case 5:22-cv-00195-TKW-HTC, CHASE v. MUÑIZ et al, filed 09/12/22;
    (9) case 5:22-cv-00196-AW-MAF, CHASE v. PELOSI et al, filed 09/12/22;
(originally opened in the wrong division as 3:22cv17729-MCR-HTC);
    (10) case 5:22-cv-00197-MW-MAF, CHASE v. BURROWS et al, filed 09/12/22;
    (11) case 5:22-cv-00198-TKW-ZCB, CHASE v. SHEPARD et al, filed 09/12/22;
    (12) case 5:22-cv-00225-RH-HTC CHASE v. AHUJA et al, filed 09/23/22; and
    (13) case # 5:22-cv-00226-AW-MAF CHASE v. WHITCOMB et al, filed 09/23/22.

District Judge Robert Hinkle; (9) Magistrate Judge Martin Fitzpatrick; (10) Magistrate Judge Hope Cannon; and (11) Magistrate Judge Zachary Bolitho. ECF No. 13 at 1-2.  Defendants Muñiz, Garland, and Coody are all sued in their official capacities.  *Id*. at 4-7.  All other Defendants are sued in both their individual and official capacities.  *Id.* at 4-10.

Plaintiff has not provided any facts which provide a basis for claims against Defendants Muñiz, Garland, or Coody, a deficiency that was brought to her attention in the court's previous order directing her to amend.  ECF No. 10.  Despite this admonition, Plaintiff still does not indicate why they have been named as Defendants, and she provides no facts which would alert the Defendants to actions they have taken which she believes violates her rights. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Because Plaintiff's complaint provides no factual assertions concerning alleged wrongdoing by Defendants Muñiz, Garland, or Coody, even after having been afforded the opportunity to amend, it fails to state a claim upon which relief can be granted and should be dismissed.  *See Am. United Life Ins. Co. v. Martinez,* 480 F. 3d 1043, 1057 (11th Cir. 2007); *see*

also *Neitzke v. Williams*, 490 U.S. 319, 330 n. 8 (1989); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.,* 695 F. 2d 524, 527 (11th Cir. 1983).

Plaintiff's remaining claims purport to be claims pursuant to the Americans with Disabilities Act (ADA) against eight sitting judges in this court. Her claims are based on actions taken, or not taken soon enough, in case numbers 5:22cv102, 5:22cv105, 5:22cv106, 5:22cv145 and 5:22cv195. ECF No. 13 at 10-15. In general, she takes issues with orders entered in those cases by the presiding judges, denying her requests to proceed in forma pauperis, denying requests for counsel, and requiring her to submit amended complaints. *Id.*

As an initial matter, the remedy available to a litigant who believes a judge made an error in a ruling is to file an objection or appeal. If unsuccessful at the district court level, the appropriate action is to file an appeal with the appropriate court of appeals. The remedy is not to file another civil case challenging the rulings of the prior case. One district court judge may not overturn or vacate an order entered by another district court judge in a separate case. Congress did not provide district courts with

Case No. 5:22cv193-MCR-MD

appellate jurisdiction over each other. To the extent Plaintiff seeks immediate ruling on pending motions in any of her cases, the appropriate motion must be filed with the district court in the case of concern—not as a separate civil action.

Additionally, Plaintiff cannot recover the money damages she seeks. ECF No. 13 at 16. Any potential claim for damages against a judge is barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Judicial immunity applies to all judicial acts. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362 (1978). "In other words, we look to the particular act's relation to a general function normally performed by a judge[.]" *Mireles*, 502 U.S. at 13.

Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in

nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11–12. An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject-matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 946–48 (11th Cir. 1985). Moreover, a judge is not deprived of absolute immunity from liability for damages "because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."). Plaintiff's complaints, which appear to be nothing more than disagreement with adverse rulings, are not of the nature that they could pierce the shield of judicial immunity.

Furthermore, although Plaintiff asserts an ADA claim in this case, she has not alleged a basis for showing her rights under that Act were violated. There are no assertions that Plaintiff lacks access, has been denied a benefit or service due to a disability, or has requested a reasonable accommodation that has not been provided. Plaintiff made an unsupported assertion that the judges "must reasonably accommodate" her. *See* ECF No. 13 at 14, 15.

While that is essentially a true statement, Plaintiff has not shown that she has <u>not</u> been accommodated, such as through extensions of time to file necessary responses to court orders. Any change in her financial circumstances brought about by her filing multiple court cases simultaneously is not relevant to the ADA protected condition she references in her second amended complaint. She has not stated a claim against any of the eight judges that would entitle her to relief.

District courts have "unquestionable authority to control their own dockets," which includes a "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Under this inherent authority, a district court may dismiss a case sua sponte, so long as it follows a "fair procedure," such as by giving plaintiff a notice of its intent to dismiss or an opportunity to respond. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). The court's obligation will generally be satisfied if plaintiff has been given "at least one opportunity to amend" the complaint before dismissal. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (affirming dismissal after two amendments).

However, where there has been a "repeated failure to cure deficiencies by amendments previously allowed" or "where [an] amendment would be futile," a court may dismiss a complaint sua sponte without allowing additional opportunities to amend. *Gen. Star Indem. Co. v. Triumph Hous. Mgmt.*, LLC, 855 F. App'x 599, 608 (11th Cir. 2021) (quoting *Corsello*, 428 F.3d 1008, 1014); *see, e.g., Lampkin-Asam v. Volusia City. Sch. Bd*., 261 F. App'x. 274, 276 (11th Cir. 2008) (affirming the district court's sua sponte dismissal after plaintiff could not cure the deficiencies in her complaint despite being given two opportunities to replead). In this case, the undersigned finds that providing Plaintiff additional opportunities to amend would be futile given the allegations presented in this case and her failure to correct any of the deficiencies in her second amended complaint.

Accordingly, it is respectfully **RECOMMENDEDRDERED:**

1. Plaintiff's second amended complaint (ECF No. 13) be **DISMISSED** for failure to state a claim.

2. The clerk be directed to close the file.

At Pensacola Florida, on November 10, 2022.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.